# EXHIBIT A

EXHIBIT A

EXHIBIT A

**Public Access to Court Information - Case Search**

Case Information

| | | | |
|---|---|---|---|
| **Case Number:** | **S-1100-CV-202501685** | | |
| **Title:** | STODDARD vs LG ELECTRONICS USA, INC. | **Category:** | CIVIL |
| **Court:** | Pinal County Superior | **Filing Date:** | 5/30/2025 |
| **Judge:** | | **Disposition Date:** | |

| |
|---|
| **LG ELECTRONICS USA, INC**   DEFENDANT  -  D1 |
| **SEAN STODDARD**   PLAINTIFF  -  P1 |

Case Activity

| Date | Description | Party |
|---|---|---|
| 6/17/2025 | SERVICE: Certificate | D1 |
| 5/30/2025 | COMPLAINT: Complaint | P1 |
| 5/30/2025 | MISCELLANEOUS: CIVIL COVER SHEET | P1 |
| 5/30/2025 | SUMMONS: SUMMONS | D1 |
| 5/30/2025 | NOTICE: Impending Dismissal | P1 |
| 5/30/2025 | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT | P1 |

# Document Search

For access to criminal and civil court documents in the Superior Court visit the eAccess portal.
For more information about the eAccess portal please visit: https://www.azcourts.gov/eaccess.

**NOTES:**
**Internet Explorer 10 Users: Case details will not display properly unless you switch to Compatibility View. How?**
**The following case types are excluded from search results:** sealed cases, cases involving Orders of Protection, mental health and probate cases, victim and witness data. Juvenile incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried out by superior court clerk's offices in each county are not included in this website, such as passport application processing and private process server registration. **Charges stemming from local ordinance violations are not included.**

**Please be aware of the following limitations of the case records displayed:**
ï¿½ The information may not be a current, accurate, or complete record of the case.
ï¿½ The information is subject to change at any time.
ï¿½ The information is not the official record of the court.
ï¿½ Not all cases from a participating court may be included.
ï¿½ The information should not be used as a substitute for a thorough background search of official public records.

**The user is responsible for verifying information provided on this website against official court information filed at the court of record.** Use of this website shall indicate agreement by the user that the Arizona judiciary, including its courts, divisions, officers, and employees, shall not be liable for any loss, consequence, or damage resulting directly or indirectly from the use of any of the information available through this website and that the Arizona judiciary does not provide any warranty, express or implied, that the information provided is accurate, current, correct, or complete.

Data available on this web site is updated frequently and can be provided via electronic media for an annual subscription fee. If interested, please Contact Us.

**Case info is updated on this website weekly. Information is updated each Friday to reflect case information through the Wednesday of the same week.**

Person Filing: Ryan A Dorn
Address (if not protected): Law Office Of James R. Vaughan 11445 E. Via Linda Ste 2-6
City, State, Zip Code: Scottsdale, AZ 85259
Telephone: (602)279-0778X0
Email Address: fileclerk@recoveryatty.com
Representing [□  ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 034017, Issuing State: AZ

# SUPERIOR COURT OF ARIZONA
## IN PINAL COUNTY

Case Number:  S1100CV202501685

Sean Stoddard
Name of Plaintiff

**SUMMONS**

AND

LG Electronics USA, Inc.
Name of Defendant

| **WARNING**:  This is an official document from the court that affects your rights.  Read this carefully. If you do not understand it, contact a lawyer for help. |
| --- |

**FROM THE STATE OF ARIZONA TO:** LG Electronics USA, Inc.

Name of Defendant

1.  **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #1677046

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date: *May 30, 2025*

*Rebecca Padilla*
Clerk of Superior Court

By: *ARAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #11677046

FILED
Rebecca Padilla
CLERK, SUPERIOR COURT
05/30/2025 1:41PM
BY: ARAMOS
DEPUTY

Case No.: S1100CV202501685
HON. THE HON JOSEPH R GEORGINI

Law Office of James R. Vaughan, P.C.
Garrett M. Culver, SBN 028500
Brian K. Partridge, SBN 028090
Melissa R. Greaves, SBN 032414
Eric W. Logvin, SBN 028050
Ryan A. Dorn, SBN 034017
Joy L. Riddle, SBN 027925
11445 E. Via Linda, Suite 2-610
Scottsdale, AZ 85259
Telephone (602) 279-0778 | (866) 833-9411
Fax (602) 279-0788
Email: Attorney@RecoveryAtty.com
*Attorneys for Plaintiff*

## IN THE PINAL COUNTY SUPERIOR COURT
## OF THE STATE OF ARIZONA

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION A/S/O SGT. SEAN STODDARD, <br><br>       **Plaintiff,** <br><br> **vs.** <br><br> **LG ELECTRONICS USA, INC.,** <br>       **Defendant.** | No. <br><br> **COMPLAINT** |

COMES NOW Plaintiff, United Services Automobile Association ("USAA") a/s/o Sergeant Sean Stoddard, by and through their undersigned counsel and alleges as follows:

### I. PARTIES

1.  At all relevant times USAA a/s/o Sergeant Sean Stoddard ("Plaintiff") was an insurance carrier operating in Arizona.

2.  Plaintiff insured real and personal property belonging to First Sergeant Sean Stoddard located at 10683 E Lupine Ln, Florence AZ 85132 (the "Property").



3.     LG Electronics USA, Inc. ("Defendant") is company specializing in, *inter alia*, the manufacture, design, and sale of appliances, including washing machines.

4.     Defendant is corporation organized under the laws of New Jersey and is the US subsidy of its parent company, LG Electronics, Inc. which is headquartered in Seoul, South Korea.

## II.    JURISDICTION AND VENUE

5.     This court has jurisdiction and venue over this suit under A.R.S. § 12-401(10) because the trespass occurred at the Property and the damages exceed the minimum for filing in this Court.

## III.    FACTUAL ALLEGATIONS

6.     USAA realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

7.     Sgt. Stoddard purchased an LG washing machine from Home Depot on or about March 5, 2021.

8.     On June 4, 2023, USAA's insured returned home from Church with his family to find the lower level of his Property flooded because of a failure in the washing machine.

9.     The insured contacted Defendant about the loss and damage caused thereby. Despite the circumstances, Defendant forced Sgt. Stoddard to pay a fee for a Service Technician visit.

1      10.    After inspecting the washing machine, Defendant's Service Technician noted

2  the washing machine had a defective drain pump.[1]

3      11.    The technician removed the washing machine's defective drain pump and

4  replaced it with a new one.

5      12.    Even after the drain pump was replaced, the washing machine continued to

6  give Sgt. Stoddard problems. It would, for example, shake forcefully and stop midcycle.

7      13.    After multiple attempts to get Defendant's Service Technician back out, in or

8  around January of 2024, Sgt. Stoddard called a third -party appliance repair contractor to

9  inspect the ongoing issues with the washing machine. The technician noted that the washing

10  machine's shocks and springs were defective, and that could have also caused the drain pump

11  to fail along with other component parts.

12      14.    Sgt. Stoddard submitted an insurance claim to Plaintiff on or about June 4,

13  2023 when the loss and ensuing property damage occurred.

14      15.    Mitigation efforts were undertaken almost immediately to avoid any further

15  damage and to prevent additional problems caused by leaving real or personal property wet

16  or water saturated.

17      16.    Plaintiff, pursuant to its insurance contract with Sgt. Stoddard, paid a total of

18  $134,708.61 for the damages to the Property and related damages.

19      17.    Plaintiff is by virtue of said payments, contractually and equitably entitled to

20  recover the same from Defendant.

21                   **IV.    CAUSES OF ACTION**

---

[1] Sgt. Stoddard's LG dryer also stopped working around the same time.

## A. Strict Products Liability

18.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

19.     This action and resulting damages were caused by the defective condition of the washing machine, rendering Defendant, strictly liable in tort for the resulting property damages under the Arizona Products Liability Act. ("AZPLA") at A.R.S. § 12-681, *et seq.*

20.     Sgt. Stoddard, and as a result Plaintiff, are in the class of persons that Defendant should reasonably foresee as being subject to the harm caused by defectively designing or defectively manufacturing the washing machine.

21.     Defendant is a product manufacturer and seller within the meaning of the AZPLA, because Defendant designed, assembled, fabricated, produced, constructed, or otherwise prepared the washing machine or component part of the washing machine product before its sale to Sgt. Stoddard.

22..     Defendant had an obligation to provide a washing machine that was reasonably safe, contained adequate warnings or instructions, and to provide a product reasonably safe in construction that conformed to the manufacturer's design and performance specifications, and otherwise was designed safely and meet consumer expectations.

23.     Defendant had an obligation to design, manufacture, and sell a washing machine that would not leak based on its safe, intended, ordinary, and foreseeable use.

24.     The washing machine that Defendant designed, assembled, fabricated, produced, constructed, or otherwise prepared, represented itself as a manufacturer for,

marketed under trade or brand name, was not reasonably safe, did not contain adequate warnings or instructions, did not conform to the manufacturer's design or performance specifications, did not meet consumer expectations, and was otherwise unsafely designed.

25.     Because of the defects in the washing machine Plaintiff as subrogee of Sgt. Stoddard suffered property and related damages in an amount to be proven at trial.

## B.     NEGLIGENCE

26.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

27.     Defendant owed a duty of care to Sgt. Stoddard, and thus to Plaintiff, to exercise ordinary and reasonable care in its preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion, supply, sale, and distribution of the washing machine, which Defendant introduced into the stream of commerce, including a duty to ensure that users would not suffer harm.

28.     Defendant breached its duty of care when it placed the washing machine into the stream of commerce with a defect that would cause harm to Sgt. Stoddard.

29.     The washing machine was not reasonably safe as designed because it failed on its own, and far before the projected end of the washing machine's useful life even though its use was intended, ordinary, and foreseeable.

30.     Defendant's failure to reasonably prepare, design, research, develop, manufacture, inspect, label, market, promote, supply, sell, and distribute the washing machine caused damages to Plaintiff.

31.     Defendant's breach of its duty of care was the actual and proximate cause of Plaintiff's damages.

32.     As a result of the Defendant's actions, Plaintiff as subrogee Sgt. Stoddard suffered property and related damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff as subrogee of Sgt. Stoddard, requests entry of judgment against Defendant as follows:

1. For property and other damages in the amounts to be proven at trial under A.R.S. § 12-685 and the common law of negligence;

2. For costs of suit incurred in this action under A.R.S. § 12-341; and

3. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SIGNED _____.    05/30/2025

[ ] Garrett M. Culver, SBN 028500
[ ] Brian K. Partridge, SBN 028090
[ ] Melissa R. Greaves, SBN 032414
[ ] Eric W. Logvin, SBN 028050
[X] Ryan A. Dorn, SBN 034017
*Attorneys for Plaintiff*

FILED
Rebecca Padilla
CLERK, SUPERIOR COURT
05/30/2025 1:41PM
BY: ARAMOS
DEPUTY

Person/Attorney Filing: Ryan A Dorn
Mailing Address: Law Office Of James R. Vaughan 11445 E. Via Linda Ste 2-6
City, State, Zip Code: Scottsdale, AZ 85259
Phone Number: (602)279-0778X0
E-Mail Address: fileclerk@recoveryatty.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 034017, Issuing State: AZ

Case No.: S1100CV202501685
HON. THE HON JOSEPH R GEORGINI

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PINAL

Sean Stoddard
Plaintiff(s),
v.
LG Electronics USA, Inc.
Defendant(s).

Case No.

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Pinal County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this  May 30, 2025

By: Ryan A Dorn /s/
Plaintiff/Attorney for Plaintiff

Person Filing: Ryan A Dorn
Address (if not protected): Law Office Of James R. Vaughan 11445 E. Via Linda Ste 2-(
City, State, Zip Code: Scottsdale, AZ 85259
Telephone: (602)279-0778X0
Email Address: fileclerk@recoveryatty.com
Representing [ □ ] Self or [ ☒ ] Attorney for:
Lawyer's Bar Number: 034017, Issuing State: AZ

# SUPERIOR COURT OF ARIZONA
## IN PINAL COUNTY

Case Number:  S1100CV202501685

Sean Stoddard
_____
Name of Plaintiff

**SUMMONS**

AND


LG Electronics USA, Inc.
_____
Name of Defendant

> **WARNING:** This is an official document from the court that affects your rights.  Read this carefully.
> If you do not understand it, contact a lawyer for help.


**FROM THE STATE OF ARIZONA TO:** LG Electronics USA, Inc.
_____
Name of Defendant

1.  **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZTurboCourt.gov Form Set #11677046

3.    If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.    You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.    Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.    Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date:*May 30, 2025*

*Rebecca Padilla*
Clerk of Superior Court

By:*ARAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #1167046

FILED
Rebecca Padilla
CLERK, SUPERIOR COURT
05/30/2025  1:41PM
BY: ARAMOS
DEPUTY

Case No.: S1100CV202501685
HON.  THE HON JOSEPH R GEORGINI

1   Law Office of James R. Vaughan, P.C.
    Garrett M. Culver, SBN 028500
2   Brian K. Partridge, SBN 028090
    Melissa R. Greaves, SBN 032414
3   Eric W. Logvin, SBN 028050
    Ryan A. Dorn, SBN 034017
4   Joy L. Riddle, SBN 027925
5   11445 E. Via Linda, Suite 2-610
    Scottsdale, AZ 85259
6   Telephone (602) 279-0778 | (866) 833-9411
    Fax (602) 279-0788
7   Email: Attorney@RecoveryAtty.com
    *Attorneys for Plaintiff*

8

9                **IN THE PINAL COUNTY SUPERIOR COURT**
                    **OF THE STATE OF ARIZONA**

10  **UNITED SERVICES AUTOMOBILE**          No.
    **ASSOCIATION A/S/O SGT. SEAN**
11  **STODDARD,**                            **COMPLAINT**
                **Plaintiff,**
12
    **vs.**
13
    **LG ELECTRONICS USA, INC.,**
14              **Defendant.**

15          COMES NOW Plaintiff,  United Services Automobile Association ("USAA") a/s/o

16  Sergeant Sean Stoddard, by and through their undersigned counsel and alleges as follows:
                            **I.   PARTIES**
17
            1.      At all relevant times USAA a/s/o Sergeant Sean Stoddard ("Plaintiff") was an
18
    insurance carrier operating in Arizona.
19
            2.      Plaintiff insured real and personal property belonging to First Sergeant Sean
20
    Stoddard located at 10683 E Lupine Ln, Florence AZ 85132 (the "Property").
21



3.     LG Electronics USA, Inc. ("Defendant") is company specializing in, *inter alia*, the manufacture, design, and sale of appliances, including washing machines.

4.     Defendant is corporation organized under the laws of New Jersey and is the US subsidy of its parent company, LG Electronics, Inc. which is headquartered in Seoul, South Korea.

## II.    JURISDICTION AND VENUE

5.     This court has jurisdiction and venue over this suit under A.R.S. § 12-401(10) because the trespass occurred at the Property and the damages exceed the minimum for filing in this Court.

## III.    FACTUAL ALLEGATIONS

6.     USAA realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

7.     Sgt. Stoddard purchased an LG washing machine from Home Depot on or about March 5, 2021.

8.     On June 4, 2023, USAA's insured returned home from Church with his family to find the lower level of his Property flooded because of a failure in the washing machine.

9.     The insured contacted Defendant about the loss and damage caused thereby. Despite the circumstances, Defendant forced Sgt. Stoddard to pay a fee for a Service Technician visit.

10.    After inspecting the washing machine, Defendant's Service Technician noted the washing machine had a defective drain pump.[1]

11.    The technician removed the washing machine's defective drain pump and replaced it with a new one.

12.    Even after the drain pump was replaced, the washing machine continued to give Sgt. Stoddard problems. It would, for example, shake forcefully and stop midcycle.

13.    After multiple attempts to get Defendant's Service Technician back out, in or around January of 2024, Sgt. Stoddard called a third -party appliance repair contractor to inspect the ongoing issues with the washing machine. The technician noted that the washing machine's shocks and springs were defective, and that could have also caused the drain pump to fail along with other component parts.

14.    Sgt. Stoddard submitted an insurance claim to Plaintiff on or about June 4, 2023 when the loss and ensuing property damage occurred.

15.    Mitigation efforts were undertaken almost immediately to avoid any further damage and to prevent additional problems caused by leaving real or personal property wet or water saturated.

16.    Plaintiff, pursuant to its insurance contract with Sgt. Stoddard, paid a total of $134,708.61 for the damages to the Property and related damages.

17.    Plaintiff is by virtue of said payments, contractually and equitably entitled to recover the same from Defendant.

## IV.    CAUSES OF ACTION

---

[1] Sgt. Stoddard's LG dryer also stopped working around the same time.

## A. Strict Products Liability

18.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

19.    This action and resulting damages were caused by the defective condition of the washing machine, rendering Defendant, strictly liable in tort for the resulting property damages under the Arizona Products Liability Act. ("AZPLA") at A.R.S. § 12-681, *et seq.*

20.    Sgt. Stoddard, and as a result Plaintiff, are in the class of persons that Defendant should reasonably foresee as being subject to the harm caused by defectively designing or defectively manufacturing the washing machine.

21.    Defendant is a product manufacturer and seller within the meaning of the AZPLA, because Defendant designed, assembled, fabricated, produced, constructed, or otherwise prepared the washing machine or component part of the washing machine product before its sale to Sgt. Stoddard.

22..    Defendant had an obligation to provide a washing machine that was reasonably safe, contained adequate warnings or instructions, and to provide a product reasonably safe in construction that conformed to the manufacturer's design and performance specifications, and otherwise was designed safely and meet consumer expectations.

23.    Defendant had an obligation to design, manufacture, and sell a washing machine that would not leak based on its safe, intended, ordinary, and foreseeable use.

24.    The washing machine that Defendant designed, assembled, fabricated, produced, constructed, or otherwise prepared, represented itself as a manufacturer for,

marketed under trade or brand name, was not reasonably safe, did not contain adequate warnings or instructions, did not conform to the manufacturer's design or performance specifications, did not meet consumer expectations, and was otherwise unsafely designed.

25.    Because of the defects in the washing machine Plaintiff as subrogee of Sgt. Stoddard suffered property and related damages in an amount to be proven at trial.

### B.    NEGLIGENCE

26.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

27.    Defendant owed a duty of care to Sgt. Stoddard, and thus to Plaintiff, to exercise ordinary and reasonable care in its preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion, supply, sale, and distribution of the washing machine, which Defendant introduced into the stream of commerce, including a duty to ensure that users would not suffer harm.

28.    Defendant breached its duty of care when it placed the washing machine into the stream of commerce with a defect that would cause harm to Sgt. Stoddard.

29.    The washing machine was not reasonably safe as designed because it failed on its own, and far before the projected end of the washing machine's useful life even though its use was intended, ordinary, and foreseeable.

30.    Defendant's failure to reasonably prepare, design, research, develop, manufacture, inspect, label, market, promote, supply, sell, and distribute the washing machine caused damages to Plaintiff.

31.    Defendant's breach of its duty of care was the actual and proximate cause of Plaintiff's damages.

32.    As a result of the Defendant's actions, Plaintiff as subrogee Sgt. Stoddard suffered property and related damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff as subrogee of Sgt. Stoddard, requests entry of judgment against Defendant as follows:

1. For property and other damages in the amounts to be proven at trial under A.R.S. § 12-685 and the common law of negligence;

2. For costs of suit incurred in this action under A.R.S. § 12-341; and

3. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SIGNED _____.    05/30/2025

[  ] Garrett M. Culver, SBN 028500
[  ] Brian K. Partridge, SBN 028090
[  ] Melissa R. Greaves, SBN 032414
[  ] Eric W. Logvin, SBN 028050
[X] Ryan A. Dorn, SBN 034017
*Attorneys for Plaintiff*

FILED
Rebecca Padilla
CLERK, SUPERIOR COURT
05/30/2025  1:41PM
BY: ARAMOS
DEPUTY

Person/Attorney Filing: Ryan A Dorn
Mailing Address: Law Office Of James R. Vaughan 11445 E. Via Linda Ste 2-6 Case No.: S1100CV202501685
City, State, Zip Code: Scottsdale, AZ 85259     HON.  THE HON JOSEPH R GEORGINI
Phone Number: (602)279-0778X0
E-Mail Address: fileclerk@recoveryatty.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 034017, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PINAL

Sean Stoddard
Plaintiff(s),                                   Case No.
v.
LG Electronics USA, Inc.
Defendant(s).                          **CERTIFICATE OF
                                        COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Pinal County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this  May 30, 2025

By: Ryan A Dorn /s/
     Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set 81687046

FILED
Rebecca Padilla
CLERK, SUPERIOR COURT
06/17/2025  7:44AM
BY: SAHALL
DEPUTY

In The Pinal County Superior Court of The State of Arizona
and for the County of Pinal

Sean Stoddard

Plaintiff

VS.
LG Electronics USA, Inc., et. al.

Defendant

**CERTIFICATE OF SERVICE**

Case No: **S1100CV202501685**

---

State of Arizona
County of Pinal } ss.

On 6/6/2025, I received from Law Office of James R. Vaughan, P.C. the Summons, Complaint, and Certificate of Compulsory Arbitration.

On 6/12/2025, at 8:29 AM, I served the aforementioned documents on: LG Electronics USA, Inc. at , 201 James Record Rd, Huntsville, AL  35824  in the manner set below:

By serving  true copies upon: LG Electronics USA, Inc., Erin Stone - Legal department supervisor., who stated he/she is authorized to accept service and did accept service on their behalf.

The description of the person actually served is as follows: Gender: Female Race: Caucasian Age: 35 Height: 5'6" Weight: 170 lbs Hair: Blond Eye Color:  Other:

Marriage Status: N / A

Military Status: N / A

The Affiant, declares under penalty of perjury, that I am fully  qualified, pursuant to Rule 4(d), Arizona Rules of Civil Procedure, to serve process in this cause in or for the State of Arizona and that the foregoing is true and correct.

X _____

**James Andrews 1092,** , Affiant
Date: 6/13/2025
Registered in Alabama
Work Order Number: AZ374155
Client Reference: **22504005**



| Service of Process (OOS) | 130.00 |
| E-File Fee | 6.70 |
| Total: | **$ 136.70** |



FILED
Rebecca Padilla
CLERK, SUPERIOR COURT
05/30/2025  1:41PM
BY: ARAMOS
DEPUTY

Case No.: S1100CV202501685
HON.  THE HON JOSEPH R GEORGINI

Person/Attorney Filing: Ryan A Dorn
Mailing Address: Law Office Of James R. Vaughan 11445 E. Via Linda Ste 2-6
City, State, Zip Code: Scottsdale, AZ 85259
Phone Number: (602)279-0778X0
E-Mail Address: fileclerk@recoveryatty.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 034017, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PINAL

Sean Stoddard
Plaintiff(s),
v.
LG Electronics USA, Inc.
Defendant(s).

Case No.

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Pinal County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this  May 30, 2025

By:  Ryan A Dorn /s/
        Plaintiff/Attorney for Plaintiff

FILED
REBECCA PADILLA
Clerk of the Superior Court
Pinal County

Date: 5-30-2025

Time 1:41 PM

By: ALR
Deputy Clerk

## SUPERIOR COURT OF ARIZONA
## PINAL COUNTY

SEAN STODDARD
_____
Plaintiff

**CASE NUMBER: S1100 CV202501685**

**NOTICE OF IMPENDING DISMISSAL
FOR FAILURE TO SERVE**

LG ELECTRONICS USA, INC
_____
Defendant

**HONORABLE GEORGINI**

CAI

### NOTICE AND WARNING:

Rule 4(i) - Pursuant to Rule 4(i), Arizona Rules of Civil Procedure, the Court shall dismiss the action without prejudice unless service is made upon a defendant within 90 days after the filing of the complaint.

This is notice that your case will be dismissed without further notice after 10/13/2025 at 1:30 pm if you do not take at least one of the steps listed below:

**A. SERVE THE OTHER PARTY WITH THE COURT PAPERS AND FILE THE PROOF OF SERVICE.** If you have served the other party, you must file proof of service with the Clerk of the Court immediately.

**B. MOTION AND ORDER TO CONTINUE ON THE INACTIVE CALENDAR:** You may file a motion requesting additional time to complete the service of the court papers before the court automatically dismisses your case. The order granting the continuance must be SIGNED by the judge BEFORE the dismissal date indicated above.

**C. VOLUNTARY DISMISSAL OF YOUR CASE.** You may dismiss your case instead of waiting for the Court Order of Dismissal. You may obtain appropriate documents and instructions from the Pinal County

**You may obtain appropriate documents and instructions from the Pinal County Clerk of the Superior Court website: http://www.coscpinalcountyaz.gov**

**WARNING: Failure to comply with this notice may result in THE COURT DISMISSING YOUR CASE without prejudice.**
**If you have legal questions, consult an attorney who practices in this area of the law and has the expertise you need.**

CONFORMED COPY FURNISHED

ALR